T.C. Memo. 2001-230


UNITED STATES TAX COURT


MOSHE ROTHBARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 398-01.                          Filed August 23, 2001.


Leo Salzman (specially recognized), for petitioner.

<u>Michael A. Menillo</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion to dismiss for lack of jurisdiction (respondent's motion) because the petition was not timely filed.  The Court held an evidentiary hearing on respondent's motion.

In the petition, petitioner indicated that his principal residence as of the date the petition was filed was in Manches-

ter, England.

On September 26, 2000, respondent mailed to petitioner at 111 Clymer St., Apt. 3E, Brooklyn, N.Y., a notice of deficiency with respect to his taxable year 1997 (notice). The petition was filed on January 8, 2001, 104 days after the date on which respondent mailed the notice to petitioner.

The petition was mailed to the Court in an envelope (envelope in question) that was properly addressed to the Court and that contained a privately metered postage stamp (private postage stamp). The private postage stamp bore the date of December 26, 2000, and showed the point of origin as Brooklyn, N.Y.

If the envelope in question had been postmarked by the U.S. Postal Service (Postal Service) on December 26, 2000, at the same point of origin, that envelope would ordinarily have been received by the Court two days after the date on which it was mailed (i.e., two days after the Postal Service postmark date of December 26, 2000). If the envelope in question had been postmarked by the Postal Service on December 26, 2000, at the same point of origin, it would have been out of the ordinary for that envelope to have been received by the Court 13 days after the date on which it was mailed (i.e., 13 days after the Postal Service postmark date of December 26, 2000).

While there generally is an increase in the number of pieces of mail handled by the Postal Service during the Christmas

holiday season, that increase has been slight in recent years. That is because many people have not been using the Postal Service for regular mail, and, due to the increase by the Postal Service in the price of postage, people have not been mailing many Christmas cards. In order to accommodate the slight increase in the number of pieces of mail during the Christmas holiday season, the Postal Service has not permitted its personnel to take vacations during the month of December. Even if there had been a delay in recent years in the delivery of mail postmarked by the Postal Service during the Christmas holiday season, it would not have been very likely that any such delay would have been as long as 13 days.

Petitioner does not dispute, and we find on the record before us, (1) that the postmark on the envelope in question was not a postmark made by the Postal Service, (2) that section 7502(b)[1] and the regulations thereunder pertaining to postmarks not made by the Postal Service apply in the instant case, and (3) that he does not satisfy that section and those regulations. Instead, petitioner asks the Court to disregard section 7502(b) and the regulations thereunder in determining whether the petition is to be treated as timely filed under section 7502(a). We reject that request. On the instant record, we are required to

---

[1]All section references are to sections of the Internal Revenue Code (Code) in effect at all relevant times.

apply those provisions of the Code and the regulations.

On the record before us, we find that petitioner has failed to establish (1) that the envelope in question was actually deposited in the U.S. mail on or before December 26, 2000, the last day for timely filing a petition in the Court,[2] see secs. 6213(a), 7503; (2) that the delay in the Court's receiving the petition was due to a delay in the transmission of the U.S. mail; and (3) the cause of the delay. See sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. On that record, we find that petitioner has failed to show that the petition was timely filed. See secs. 6213(a), 7502(b); sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Accordingly, we shall grant respondent's motion.

To reflect the foregoing,

An appropriate order granting respondent's motion to dismiss for lack of jurisdiction will be entered.

---

[2]Petitioner does not dispute that he was required to file a petition in the Court on or before Dec. 26, 2000, with respect to the notice that respondent issued to him for his taxable year 1997.